## UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

CASE NO.:

ACCESS 4 ALL INCORPORATED
and JOHN MEGGS,

    Plaintiffs,

v.

ALPINE HOSPITALITY, INC.,

    Defendant.

_____/

## **COMPLAINT**

Plaintiffs, ACCESS 4 ALL INCORPORATED and JOHN MEGGS, individually and on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiffs"), sue ALPINE HOSPITALITY, INC., (hereinafter "Defendant"), and as grounds allege:

### JURISDICTION, PARTIES. AND VENUE

1. This is an action for injunctive relief, a declaration of rights, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, *et seq.*, (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

2. The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, *et seq.* pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C. § 12181, *et seq*.

4. Plaintiff, ACCESS 4 ALL INCORPORATED, is a Florida Not For Profit Corporation, formed under the laws of the State of Florida, and maintains its principal office at Torrence, California.

5. Plaintiff, JOHN MEGGS, is an individual over eighteen years of age, who splits his time between Los Angeles County, California and Denver County, Colorado, and is otherwise *sui juris*.

6. At all times material, Defendant, ALPINE HOSPITALITY, INC., was and is a Corporation, incorporated under the laws of the State of Colorado, with its principal place of business in Denver, Colorado.

7. At all times material, Defendant, ALPINE HOSPITALITY, INC., owned and operated a commercial fast-food restaurant located at 6210 N Tower Road, Denver, Colorado (hereinafter the "Commercial Property").

8. Venue is properly located in the District of Colorado because Defendants' Commercial Property is located in Denver, Colorado, Defendant regularly conduct business within Denver, Colorado, and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Denver, Colorado.

## FACTUAL ALLEGATIONS

9. Although over thirty (30) years have passed since the effective date of Title III of the ADA, Defendant has yet to make their facilities accessible to individuals with disabilities.

10. Congress provided commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992. In spite of this abundant lead-time and the extensive publicity the ADA has received since 1990, Defendant continues to discriminate against people who are disabled in ways that block them from access and use of Defendants' Commercial Property and the business therein.

11. The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance.

12. Plaintiff, JOHN MEGGS, is an individual with disabilities as defined by and pursuant to the ADA. Plaintiff, JOHN MEGGS, is, among other things, a paraplegic and is therefore substantially limited in major life activities due to his impairment, including, but not limited to, not being able to walk or stand. Plaintiff requires the use of a wheelchair to ambulate.

13. Defendant, ALPINE HOSPITALITY, INC., owns, operates and/or oversees the Commercial Property, its general parking lot and parking spots specific to the business therein, and it owns, operates and/or oversees said Commercial Property located in Denver, Colorado, that is the subject of this Action.

14. ACCESS 4 ALL INCORPORATED, is a not-for-profit Florida corporation. Members of this organization include individuals with disabilities as defined by the ADA, and are representative of a cross-section of the disabilities protected from discrimination by the ADA. The purpose of this organization is to represent the interest of its members by assuring places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities. ACCESS 4 ALL INCORPORATED, and its members have suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to comply with the requirements of the ADA. One or more of its members has suffered an injury that would allow him or her to bring suit in his or her own right. ACCESS 4 ALL INCORPORATED, has also been discriminated against because of its association with its disabled members and their claims.

15. The subject Commercial Property is open to the public and is located in Denver, Colorado. The individual Plaintiff visits the Commercial Property regularly, to include a visit to the property on or about March 15, 2022 and encountered multiple violations of the ADA that directly affected his ability to use and enjoy the property. He plans to return to and often visits the

Commercial Property and the other business located within the Commercial Property, in order to avail himself of the goods and services offered to the public at the business therein, if the property/business become accessible.

16. Plaintiff visited the Commercial Property as a patron/customer, regularly visits the Commercial Property and business within the Commercial Property as a patron/customer, and intends to return to the Commercial Property and business therein in order to avail himself of the goods and services offered to the public at the property. Plaintiff spends much of his time in and near Denver County, Colorado, in the same state as the Commercial Property, has regularly frequented the Defendants' Commercial Property and business located within the Commercial Property for the intended purposes, and intends to return to the property within four (4) months' time of the filing of this Complaint.

17. The Plaintiff JOHN MEGGS found the Commercial Property to be rife with ADA violations. The Plaintiff JOHN MEGGS encountered architectural barriers at the Commercial Property and wishes to continue his patronage and use of the premises.

18. The Plaintiff, JOHN MEGGS, has encountered architectural barriers that are in violation of the ADA at the subject Commercial Property and business therein. The barriers to access at Defendant's Commercial Property and business within the Commercial Property have each denied or diminished Plaintiff's ability to visit the Commercial Property and endangered his safety. The barriers to access, which are set forth below, have likewise posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff, JOHN MEGGS, and others similarly situated.

19. Defendant, ALPINE HOSPITALITY, INC., owns/or and operates, a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104. Defendant is responsible for complying with the obligations of the

ADA. The place of public accommodation that Defendants, ALPINE HOSPITALITY, INC., owns and operates is the Commercial Property business located at 6210 N Tower Road, Denver, Colorado.

20. Plaintiffs, ACCESS 4 ALL INCORPORATED and JOHN MEGGS, have a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to the described Commercial Property and the restaurants and business therein, but not necessarily limited to the allegations in this Complaint. Plaintiffs have reasonable grounds to believe that they will continue to be subjected to discrimination at the Commercial Property and the business located within the Commercial Property, in violation of the ADA. Plaintiffs desire to visit the Commercial Property and business located within the Commercial Property, not only to avail himself of the goods and services available at this Commercial Property and business therein, but to assure himself that the property and business therein are in compliance with the ADA, so that he and others similarly situated will have full and equal enjoyment of the property and business therein without fear of discrimination.

21. Defendant has discriminated against the Plaintiffs by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property, and businesses located within the Commercial Property, as prohibited by 42 U.S.C. § 12182 *et seq*.

## ADA VIOLATIONS – COMMON AREAS

22. The Plaintiffs adopt and re-alleges the allegations set forth in paragraphs 1 through 21 above as though fully set forth herein.

23. Defendant, ALPINE HOSPITALITY, INC., have discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property and other

business located within the Commercial Property, as prohibited by 42 U.S.C. § 12182 et seq.

24. Defendant has discriminated, and continue to discriminate, against Plaintiffs in violation of the ADA by failing, *inter alia*, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendants have ten (10) or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiffs encountered during his visit to the Defendants' Commercial Property and restaurant business within the Commercial Property, include, but are not limited to, the following:

    A. <u>Parking</u>

    i. Accessible spaces lack clear and level aisles, they have slopes or cross slope of 3% (>2%) endangering John Meggs when unloading and violating the ADAAG and ADAS Section 502.

    ii. Accessible spaces lack clear and level aisles, they have slopes or cross slope of 5% (>2%) endangering John Meggs when unloading and violating the ADAAG and ADAS Section 502.

    iii. Ramada Denver International has 0 van spaces where 1 are required preventing John Meggs and other disabled patrons safe unloading from vans violating ADAAG Section 4.1.2 (5)(b) and Section 502 of the 2010 ADAS.

    iv. Parking spaces are not on the nearest, most direct accessible route from parking to access facility entrances, violating the ADAAG and ADAS Section 502. Preventing John Meggs from safely accessing Ramada Denver International without rest or assistance.

    v. Parking spaces are not on the nearest, most direct accessible route from parking to access facility entrances, violating the ADAAG and ADAS Section 502. Preventing

John Meggs from safely accessing Ramada Denver International without rest or assistance.

vi. John Meggs was prevented from safely exiting his vehicle at Ramada Denver International which lacks accessible unloading areas or (60" W x 20'L) are on slopes (> 2%) in violation of ADAAG Section 4.6.6 and Section 503 of the 2010 ADAS.

B. <u>Entrance Access and Path of Travel</u>

i. Accessible routes at Ramada Denver International have changes in level of (>3/4") creating hazardous conditions for John Meggs violating ADAAG Section 4.3 and Sections 402 and 403 of the 2010 ADAS.

ii. Curb ramps at Ramada Denver International contain excessive slopes of 10% (>8.33 %) preventing John Meggs from safe unloading violating ADAAG and ADAS Section 406.

iii. Gaps in path of travel areas of Ramada Denver International are (> ½" ), violating the ADAAG and Section 302.3 of the 2010 ADAS.

C. <u>Access to Goods and Services</u>

i. Table knee and toe space is , high (27" min) and deep (17" min), preventing use by John Meggs.

D. <u>Restrooms</u>

i. Sinks mounted 35" (34" max) to rims, denying access to John Meggs, violating ADAAG Sec. 4.24 and 2010 ADAS Sec. 606.

ii. John Meggs unable to use Mirror due to bottom-reflecting surface 46" AFF (40" AFF max), violating the ADAAG and 2010 ADAS.

iii. John Meggs is unable to reach Dispenser controls 50" AFF (48" AFF max), which

exceed limits in ADAAG and 2010 ADAS Sec. 308.

iv. Grab bars Side grab bar extends < 54" from rear wall do not comply with the ADAAG and 2010 ADAS Sections 604 and 609, creating a hazardous condition for John Meggs.

v. Toilet has improper centerline 19" from side wall; (16" to 18"), denying access to John Meggs, violating the 2010 ADAS.

    E. <u>Accessible Guestrooms and Suites</u>

i. Security latch on door is, beyond reach of wheelchair users or is not operable with one hand without grasping, pinching, or twisting, preventing use by John Meggs, violating the ADAAG and 2010 ADAS.

ii. Maneuvering space at bed(s) 26" (36" min) on sides or between two beds, prevents John Meggs's transfer to either bed, violating the ADAAG and 2010 ADAS Section 1008.

iii. Drapery wands or controls on lamps or HVAC units are of inaccessible design or > 48" AFF 62" AFF, violating the ADAAG and 2010 ADAS Sections 308 and 309.

iv. Rods and shelves in closets or wall mounted units > 48" AFF 68" AFF or lack the clear floor space for John Meggs to approach, violating the ADAAG and 2010 ADAS Section 308.

v. Accessible toilet in accessible guestroom bathroom centerline of 20" (16"-18") from adjacent side wall, preventing John Meggs from safely using the grab bars.

vi. Toilet in accessible bathroom's side wall grab bar is not at least 42" long and 54" min from the rear wall mounted at 33"-36" AFF , preventing safe use to John Meggs.

vii. Toilet in accessible bathroom's rear wall grab bar not at least 36" long and mounted between 33"-36" AFF , preventing safe use by John Meggs.

viii.   Roll-in shower is not 30" wide by 60" long or 36" wide by 60", as configured in 2010 ADAS Figure 608.2.2 or 608.2.3, preventing use John Meggs.

ix.   Roll-in Shower lacks a securely fastened folding seat at 17"-19" AFF for John Meggs to transfer and shower, violating the ADAAG and 2010 ADAS Sec 608.

x.   Roll-in Shower lacks a securely fastened folding seat at 17"-19" AFF for John Meggs to transfer and shower, violating the ADAAG and 2010 ADAS Sec 608.

xi.   Roll-in shower is obstructed by door and curb or lip that impedes John Meggs's wheelchair transfer onto the seat, violating the ADAAG and 2010 ADAS Sections 608 and 609.

xii.   Sinks mounted at Ramada Denver International are 35" AFF > 34" max to rims, preventing use by John Meggs, violating section 606 of the 2010 ADAS.

xiii.   Toilet flush valve at Ramada Denver International not mounted on wide side, preventing use by John Meggs, violating Section 604 of the 2010 ADAS.

## RELIEF SOUGHT AND THE BASIS

25.   The discriminatory violations described in this complaint are not an exclusive list of the Defendants' ADA violations. Plaintiffs requests an inspection of the Defendants' place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiffs further requests to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiff, JOHN MEGGS, from further ingress, use, and equal enjoyment of the Commercial Property and the business therein; Plaintiffs request to be physically present at such inspection in conjunction with Rule 34 and timely notice. Plaintiffs request the inspection in order to participate in crafting a remediation plan to address Plaintiffs' request for

9

injunctive relief.

26. The Plaintiffs, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs and activities offered by Defendants' Commercial Property and the business within the Commercial Property; and has otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations as set forth above. The Plaintiffs, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiffs require an inspection of the Defendants' places of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act. Plaintiffs further request a remediation plan and the opportunity to participate in the crafting of the remediation plan.

27. Defendant has discriminated against the Plaintiffs by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of their places of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against Plaintiffs, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

28. Plaintiffs are without adequate remedy at law, will suffer irreparable harm, and

have a clear legal right to the relief sought. Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff. Plaintiffs have retained the undersigned counsel and is entitled to recover attorneys' fees, costs and litigation expenses from Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

29. While Defendant, ALPINE HOSPITALITY, INC., as landlord and owner of the Commercial Property, is primarily responsible for all ADA violations listed in this Complaint, tenants and landlords can be held is jointly and severally liable for ADA violations.

30. A Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiffs require an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

31. Notice to Defendant is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if a Defendants have 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiffs or waived by the Defendant.

32. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiffs Injunctive Relief, including an order to alter the property where Defendant operates its business, located within the Commercial Property located in Denver, Colorado, the interiors, exterior areas, and the common exterior areas of the Commercial Property and restaurant business to make those facilities readily accessible and useable to the Plaintiffs and all other mobility-impaired persons; or by closing the facility until such time as the Defendant cures its violations of

the ADA.

WHEREFORE, the Plaintiffs, ACCESS 4 ALL INCORPORATED and JOHN MEGGS,, respectfully request that this Honorable Court issue (i) a Declaratory Judgment determining Defendants, at the commencement of the subject lawsuit, were and are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.; (ii) Injunctive relief against Defendants, including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (iii) An award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iv) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: May 23, 2022

**GARCIA-MENOCAL & PEREZ, P.L.**
*Attorneys for Plaintiff*
1600 Broadway, Suite 1600
Denver, Colorado 80202
Telephone: (303) 386-7208
Facsimile: (305) 553-3031
Primary E-Mail:   ajperez@lawgmp.com
Secondary E-Mail: dperaza@lawgmp.com
bvirues@lawgmp.com.

By: _____*/s/ Anthony J. Perez*_____
    ANTHONY J. PEREZ
    BEVERLY VIRUES